IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SUSAN J. O'DELL                      CV 06-1191-MA
                                     CV 08-880-MA
            Plaintiff,               (Consolidated Cases)

                                     OPINION AND ORDER
v.

MICHAEL ASTRUE,
Commissioner of Social
Security,

            Defendant.


DAVID B. LOWRY
9900 S.W. Greenburg Road
Columbia Business Center, Suite 235
Portland, OR 97223
(503) 434-6466

        Attorney for Plaintiff

KENT S. ROBINSON
Acting United States Attorney
ADRIAN L. BROWN
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 245-6309

1  - OPINION AND ORDER

DAPHNE BANAY
Special Assistant United States Attorney
701 Fifth Avenue, Suite 2900 MS/901
Seattle, WA  98104-7075
(206) 615-2113

        Attorneys for Defendant

MARSH, Judge.

    This matter is before the Court on Plaintiff Motion (#15) to Supplement the Record and Defendant Commissioner's Motion (#27)[1] to Remand the Commissioner's final decision denying Plaintiff Susan J. O'Dell's claim for disability insurance benefits (DIB) for further proceedings.  Plaintiff asserts that the Commissioner final decision should be remanded solely for the purpose of awarding her benefits.

    For the following reasons, the court **GRANTS** plaintiff's Motion to Supplement the Record.  The court **DENIES** the Commissioner's Motion to Remand for further proceedings and remands this matter for the immediate payment of benefits.

## PROCEDURAL HISTORY

    On October 9, 2003, plaintiff initially filed an application for DIB, alleging she had been unable to engage in substantial gainful activity since March 15, 2003, because of physical and psychological limitations caused by hepatitis C and depression.

---

    [1] Docket numbers refer to pleadings filed in CV-06-1191-MA.

2 - OPINION AND ORDER

ALJ Thomas Tielens held a hearing on October 26, 2005, and issued an opinion on March 19, 2007, in which he found plaintiff's allegations were not "totally credible" and her limitations did not prevent her from performing her past relevant work as a photo technician, waitress, and baker.

On July 31, 2006, the Appeals Council denied plaintiff's request for review.

On August 22, 2006, Plaintiff filed an action in this court (CV-06-1191-MA).  On November 26, 2006, however, this court remanded the case to the Commissioner to conduct a new hearing and issue a new decision because the transcript of the October 26, 2005, hearing was not available.

On March 19, 2007, ALJ Ralph Jones held the new hearing. On June 2, 2007, he issued an opinion in which he also found plaintiff was not entitled to DIB because she could perform her past relevant work as a massage therapist, food service worker and waitress, counselor, real estate agent, housekeeper, photo technician, print shop worker.  He found she would not be able to perform her former job as a bakery helper.

On May 23, 2008, the Appeals Council found no reason to assume jurisdiction because the ALJ's final decision was supported by the evidence in the record.

On July 23, 2008, plaintiff filed a new action seeking judicial review of the ALJ's June 2, 2007 final decision.

On December 12, 2008, pursuant to the Commissioner's unopposed motion, the court consolidated this case with the earlier case, CV-08-880-MA.

On February 25, 2009, plaintiff filed a Motion to Supplement the Record to add a letter from Kenneth Ingram, PA-C, an Assistant Professor and Physician's Assistant at the Oregon Health Sciences University.

## THE ALJ'S FINDINGS

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled. Bowen v. Yuckert, 482 U.S.137, 140 (1987). See also 20 C.F.R. § 416.920. Plaintiff bears the burden of proof at Steps One through Four. See Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999). Each step is potentially dispositive.

In his June 2, 2007, Findings, at Step One, the ALJ found plaintiff has not engaged in substantial gainful activity since the alleged onset of her disability in March 2003.

At Step Two, the ALJ found plaintiff suffers from the severe impairments of hepatitis C and depression. 20 C.F.R. §404.1520(c)(an impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities).

4 - OPINION AND ORDER

At Step Three, the ALJ found plaintiff's impairments do not meet or equal any listed impairment.  He found Plaintiff is able to engage in medium level work involving lifting and carrying up to 50 lbs occasionally and 25 lbs frequently, and sitting, standing, and/or walking at least six hours in an eight-hour workday.  She is, however, limited to performing simple one-three step tasks.

At Step Four, the ALJ found plaintiff is able to perform all of her past relevant work except that of bakery helper.

Accordingly, the ALJ did not need to make a Step Five Finding.

Consistent with the above findings, the ALJ found plaintiff is not disabled and denied her claim for benefits.

## DISCUSSION

A preliminary issue in this matter is whether this court should consider a medical report filed in support of plaintiff's disability application that was provided to the ALJ on April 6, 2007, two months before the ALJ made his decision.  The ALJ did not consider this medical record in reaching his non-disability determination nor did he include it as part of the Administrative Record certified on September 9, 2008.

The overarching issue, however, is whether the ALJ's decision should be remanded for the immediate payment of benefits

as requested by plaintiff, or for further proceedings in which the entire <u>existing</u> medical record would be considered, as requested by the Commissioner.

The parties agree that the ALJ (1) did not adequately consider plaintiff's subjective complaints relative to her residual functional capacity, (2) did not adequately consider lay witness testimony, (3) did not adequately evaluate the medical opinion of Kim Webster, M.D., the psycho-diagnostic evaluation of Katie Ugolini, Ph.D, and the medical opinion of treatment provider Patrick Birbeck, PA-C, and (4) did not properly evaluate plaintiff's ability to perform her past relevant work.

## MOTION TO SUPPLEMENT THE RECORD

As noted, on April 6, 2007, two months before the ALJ issued his final decision denying plaintiff's claim for benefits, and before the administrative record for this proceeding was closed, plaintiff submitted a letter from Kenneth Ingram, a Physician's Assistant and Assistant Professor of Gastroenterology/Hepatology at Oregon Health Sciences University, stating that plaintiff was treated for chronic hepatitis C and prescribed medication (interferon and ribavirin) to reduce her viral load.  She was taken off the medication after 12 weeks because she experienced fatigue, abdominal discomfort, intermittent nausea, and mild hair

loss, and, in any event, her viral load was not reduced by the medication.

Plaintiff moves to supplement the Administrative Record by including this evidence for purposes of this court's review, and urges the court to consider it in determining whether to remand this matter for the immediate payment of benefits.

The Commissioner opposes the motion on the ground Professor Ingram's report amounts to "new evidence" that should only be considered at a later date if this court remands the matter for further proceedings.  See 42 U.S.C. § 405(g).

The flaw in the Commissioner's argument is that the evidence is not "new," but was submitted to the ALJ before he made his final decision and before the Administrative Record was closed. Cf. Mayes v. Massanari, 276 F.3d 453, 462 (9th Cir. 2001)("[I]n determining whether to remand a case in light of new evidence, the court examines both whether the new evidence is material to a disability determination and whether a claimant has shown good cause for having failed to present the new evidence to the ALJ earlier.").  (Emphasis added).  The ALJ apparently was unaware of Professor Ingram's report.  He states in his opinion that treatment records from OHSU were requested but not received. Indeed, he emphasizes that plaintiff "was given every opportunity

to make additional medical records available, but [has] failed to do so." The Commissioner offers no explanation as to why the ALJ did not have the report prepared by Professor Ingram, which was sent two months earlier. There was a clear oversight, but it was on the part of the Commissioner, not plaintiff.

On this record, the court concludes Professor Ingram's report is relevant because it addresses the fact that prescribed medications, including interferon and ribavirin, both of which are common treatments for hepatitis C, did not reduce plaintiff's viral load and caused significant unpleasant side effects.

Accordingly, the court supplements the Administrative Record to include Professor Ingram's report for purposes of determining whether plaintiff is entitled to an immediate payment of benefits.

**MOTION TO REMAND**

a.  **Standards**.

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.), cert. denied, 121 S. Ct. 628 (2000). "If additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded." Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981).

The Commissioner, in the first instance, bears the burden of developing the record. <u>DeLorme v. Sullivan</u>, 924 F.2d 841, 849 (9th Cir. 1991).  The duty to further develop the record is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. <u>Mayes v. Massanari</u>, 276 F.3d 453, 459-60 (9th Cir. 2001).

If "(1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited," the court should credit the rejected evidence as true and remand for an immediate award of benefits. <u>Smolen v. Chater</u>, 80 F.3d 1273, 1292 (9th Cir. 1996).

**b.    Discussion.**

As noted, neither plaintiff nor the Commissioner seeks a remand to develop the record, <u>e.g.</u>, to obtain additional medical evidence.  The Commissioner seeks a remand to afford the ALJ the opportunity to do what he should have done in the first instance, <u>i.e.</u>, consider all the relevant medical and non-medical evidence and give appropriate reasons for either crediting in whole or in

part, or disregarding, that evidence.  The Commissioner also
contends there are outstanding issues to be decided as to whether
can perform either her past relevant work or other work.

Plaintiff, on the other hand, contends all of the evidence
the ALJ improperly evaluated or disregarded should be credited as
true and, if that evidence supports a disability finding, the
court should make that finding.

**1.  Plaintiff's Subjective Complaints.**

Plaintiff testified that she began interferon treatments for
hepatitis C in August 2005.  She was extremely tired for two days
after each injection.  The treatments were to last from 46 to 48
weeks.  Since undergoing the treatments, she reduced from ten to
eight the number of hours she worked each week as a real estate
broker because of extreme fatigue and cloudy thinking.  The ALJ
accepted that plaintiff suffered from these symptoms, but did not
find her description of the intensity, persistence, and limiting
effects of the symptoms to be credible.

The ALJ states plaintiff "was able to work and was generally
healthy until she received a diagnosis of hepatitis C" at which
point "she considered herself disabled."  Plaintiff, in fact,
reported that in 2003, when she was diagnosed with hepatitis C,
she was fatigued and unable to function.  The supplemented

medical record, which was available to but not considered by
the ALJ, in fact substantiates that plaintiff began suffering
from substantial unpleasant side effects, including significant
fatigue and depression, when she began the recommended interferon
and riboflavin treatments for hepatis C.

On this record, crediting as true plaintiff's subjective
complaints, I conclude they support plaintiff's claim that she is
unable to work.

**2. Lay Witness Evidence.**

Plaintiff's mother offered evidence that plaintiff is less
active because of fatigue, and she does not appear to be as
mentally sharp as she had been in the past.  She stated that
plaintiff was able to fix up a house for sale and lay ceramic
tile.  She also noted, however, that interferon treatments left
plaintiff "very tired," although plaintiff was optimistic about
that treatment.  As a result of her fatigue, plaintiff often did
not complete tasks, her memory was impaired at times, and
excessive activity caused plaintiff to be unable to function for
several days.

The ALJ credited this evidence only to the extent it
reflects what the mother was told by plaintiff and what she
actually observed.  This evidence, however, is consistent with
the supplemented medical record that the ALJ did not consider.

11 - OPINION AND ORDER

3.  **Medical Record.**

As noted above, the parties agree the ALJ did not adequately consider significant parts of the medical record.

a.  <u>Kim Webster, M.D. - Functional Medicine</u>

Dr. Webster examined plaintiff for the Commissioner. He noted plaintiff was consistent in her statements and did not demonstrate "pain behavior" or "poor effort" during the examination.  Plaintiff appeared to be tired, but in no acute distress.  Dr. Webster opined that "her depression is affecting her sleep, concentration, and energy, and . . . this could be exacerbated by possible biochemical interaction going on in her liver.  This would make it difficult for her to concentrate and do work over extended periods of time."

The ALJ implicitly rejected Dr. Webster's opinion regarding the impact of her depression and hepatitis C on her ability to work by noting that plaintiff was able to perform physical tests normally, and that Dr. Webster's opinion as to the degree of plaintiff's fatigue and depression was based on plaintiff's "self-reporting."

I have credited as true plaintiff's "self-reporting." Therefore, I also credit Dr. Webster's opinion as to plaintiff's limitations that would affect her ability to perform work at a level of substantial gainful activity.

   b. <u>Katie Ugolini, Ph.D. - Psychologist</u>.

   Dr. Ugolini performed a psychodiagnostic evaluation of plaintiff on behalf of the Commissioner.  Dr. Ugolini opined that, <u>inter alia</u>, plaintiff suffered from "major depression" with "limited insight" that was "interfering with activities of daily living to some extent," and was also "contributing to fatigue, pain and motivation."  The ALJ noted Dr. Ugolini's report but did not evaluate whether Dr. Ugolini's findings supported or detracted from plaintiff's disability claim.

   c. <u>Patrick Birbeck, PA-C - Physician Assistant</u>.

   Patrick Birbeck treated plaintiff in December 2004.  He noted her history of depression and hepatitis C and recommended she begin treatment for the hepatitis.  She was doing well controlling her depression with medication at the time.

 **4. Analysis.**

  On this record, I conclude  a remand for further proceedings would serve no useful purpose.  I find that, when the plaintiff's testimony, the lay witness evidence, the medical opinions of both treating and consulting medical practitioners, and the report by Professor Ingram, are evaluated as required by law, they support plaintiff's claim that she is unable to engage in substantial gainful activity because of the effects of hepatitis C and major depression.

## CONCLUSION

For these reasons, the court **GRANTS** plaintiff's Motion to Supplement the Record (#15).  The court **DENIES** the Commissioner's Motion to Remand for further proceedings (#27) and remands this matter for the immediate payment of benefits.

IT IS SO ORDERED.

DATED this 15 day of October, 2009.


 /s/  Malcolm F. Marsh
MALCOLM F. MARSH
United States District Judge

14 - OPINION AND ORDER